08-4534-ag
Liu v. Holder

BIA
Laforest, IJ
A200 040 177

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12ᵗʰ day of January, two thousand ten.

PRESENT:
    HON. DENNIS JACOBS,
            *Chief Judge*,
    HON. ROSEMARY S. POOLER,
    HON. REENA RAGGI,
            *Circuit Judges*.

_____

WEN YUAN LIU,
        *Petitioner*,

        v.                                    08-4534-ag
                                              NAC
ERIC H. HOLDER JR., ATTORNEY
GENERAL,*
        *Respondent*.

_____

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr., is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

**FOR PETITIONER:**   Michael Brown, New York, New York.

**FOR RESPONDENT:**   Michael F. Hertz, Acting Assistant Attorney General, Barry J. Pettinato, Assistant Director, John D. Williams, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Wen Yuan Liu, a native and citizen of the People's Republic of China, seeks review of the August 29, 2008 order of the BIA affirming the April 10, 2007 decision of Immigration Judge ("IJ") Brigitte Laforest, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wen Yuan Liu*, No. A200 040 177 (B.I.A. Aug. 29, 2008), *aff'g* No. A200 040 177 (Immig. Ct. N.Y. City Apr. 10, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual

2

findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Dong Gao v. BIA*, 482 F.3d 122, 126 (2d Cir. 2007). For applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (B.I.A 2007).

As an initial matter, because Liu fails to raise before this Court any challenge to the agency's denial of his CAT claim, we deem that claim waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

Regarding Liu's asylum and withholding of removal claims, we find that substantial evidence supports the agency's adverse credibility determination. For example, the IJ found that while Liu testified that the cadres had scalded his hand with hot water, this allegation did not appear in his written statement or his father's letter. Moreover, the IJ found that while Liu's written statement and his father's letter alleged that the cadres had forced him to squat in an uncomfortable

3

position for a long period of time, he did not testify to this allegation on direct or cross examination. The IJ reasonably relied on these inconsistencies when making her credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). In addition, we defer to the IJ's observations that Liu's demeanor during his testimony suggested that he was not testifying about his actual experiences. *See id.; Shu Wen Sun v. BIA*, 510 F.3d 377, 380-81 (2d Cir. 2007). Under the REAL ID Act, these findings were sufficient to support the agency's conclusion that Liu was not credible. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Furthermore, we discern no error in the IJ's conclusion that the evidence Liu submitted was insufficient to rehabilitate his incredible testimony. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (noting that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the IJ); *see also* 8 U.S.C. § 1158(b)(1)(B)(ii). Accordingly, the agency's denial of Liu's application for asylum was not improper. Because Liu's withholding of removal claim was premised on the same factual predicate as his asylum claim, the adverse credibility determination was fatal to both. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

4

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____